Curia, per

Richardson, J.
held that “where the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist. Hence arises a rule, that a plaintiff, suing for damages in such a case, must prove the absence of probable cause ; and, if he fail to do so, such judicial recognition is prima facie proof of a probable cause.”
And it was considered that, although the plaintiff’s Character might have given him a strong defence on his trial, and the staleness of the charge,' coupled with the quarrel that ultimately gave rise to it, were pregnant evidence of the defendant’s malice, (which is one of the essential grounds for this action,) yet they did not in the least tend to shew that the prosecution had not been instituted, according to C. J. Marshall’s definition, on “such circumstances as warrant suspicion.” (Locke vs. U. States; 7 Cranch, 339.)
Motion dismissed;
Evans, Earle and Butler, JJ. concurring.